UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAMERON JUSTICE ORKMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01108-JPH-MKK |
| | ) | |
| MARK SEVIER Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kameron Orkmon filed this action contending that his constitutional rights were violated while he was incarcerated at New Castle Correctional Facility. Defendants Chelsie Boyce, Heather Verdon, and Shari Mathews ("Medical Defendants") move for summary judgment arguing that Mr. Orkmon failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt. [35], is **GRANTED.**

## I.
## Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565,

572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Orkmon failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts); *Brown v. Chicago Transit Auth.*, 179 F.4th 577, 586 (7th Cir. 2026) ("The Federal Rules of Civil Procedure require that on a motion for summary judgment, a party asserting a fact must support the assertion with citation to particular parts of materials in the record.").

## II. Factual Background

At all times relevant to the claims in this suit, Mr. Orkmon was incarcerated at New Castle, a prison maintained by the Indiana Department of Correction (IDOC). Dkt. 22 at 1-2. Mr. Orkmon is proceeding with Eighth Amendment deliberate indifference claims against the Medical Defendants on allegations that he received inadequate medical care for his knee injury from 2023 through 2025. Dkt. 23.

The IDOC has a standardized offender grievance process which was in place during the time Mr. Orkmon alleges his rights were violated. Dkt. 35-1 at 1. During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 1-2. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.* at 2.

New Castle provides inmates with access to the grievance policy and required forms through the law library, tablet, counselor distribution, and inmate handbook. *Id.* Mr. Orkmon did not submit any formal grievance or appeal regarding his allegations in the complaint. Dkt. 35-1 at 2.

## III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

The Medical Defendants have met their burden of proving that Mr. Orkmon "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed designated evidence reveals that the grievance policy and requisite forms were available to Mr. Orkmon at New Castle, and that he did not file any formal grievance related to the allegations in his complaint. Dkt. 35-1. Mr. Orkmon has not responded to the motion or otherwise identified a genuine issue of material fact supported by admissible evidence that counters the Medical Defendants' designated evidence.

In short, Mr. Orkmon did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against the Medical Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the above reasons, the Medical Defendants' unopposed motion for summary judgment, dkt. [35], is **GRANTED**. All claims against them are dismissed without prejudice. The **clerk shall terminate** Nurse Chelsie Boyce, Heather Verdon, and Shari Mathews as defendants.

Warden Sevier did not raise the exhaustion defense in his answer or move for summary judgment on the exhaustion defense and has therefore waived that defense. The partial stay previously entered in this case at docket 33 is **lifted** and claims against Warden Sevier shall proceed by separate scheduling order.

**SO ORDERED.**

Date: 10/7/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KAMERON JUSTICE ORKMON
267419
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel